UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

BRICE BENNETT,

          Plaintiff,

          v.

SCI FRACKVILLE,

          Defendants.

Civil No. 3:15-CV-1555

(Judge Kosik)

## **MEMORANDUM**

Before this Court is Plaintiff's motion for reconsideration (Doc. 25) and motion for the allowance of a certificate of appealability (Doc. 26), of this Court's October 28, 2015 Order (Doc. 15), adopting the Magistrate Judge's September 22, 2015 Report and Recommendation (Doc. 12). The Magistrate Judge Recommended Plaintiff's habeas petition be dismissed because it was both untimely and unexhausted. (Doc. 12).

First, addressing Plaintiff's motion for reconsideration, the Court notes that such a motion is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v.

AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)).  It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided.  Drysdale v. Woerth, 153 F. Supp.2d 678, 682 (E.D. Pa. 2001).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."  Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

      Plaintiff, in the instant matter, simply attempts to reargue an unsuccessful theory already disposed of by this Court when it dismissed his Habeas Corpus petition.  Plaintiff's instant motion for reconsideration does not set forth any intervening change in the controlling law, produce any evidence which was not previously in existence and available to him, or prove that reconsideration is necessary to correct a clear error of law or prevent manifest injustice.  Plaintiff's attempt to reargue unsuccessful claims simply cannot provide the basis for a successful motion for reconsideration.  Accordingly, Plaintiff's motion for reconsideration will be denied.

      Additionally, based on the conclusions set forth in the Magistrate Judge's September 22, 2015 Report and Recommendation (Doc. 12), this Court's October 28, 2015 Order adopting the same (Doc. 15), and our conclusions herein, there is no basis for the issuance of a certificate of appealability.  See U.S. v. Eyer, 113 F.3d 470 (3d Cir. 1997).

## CONCLUSION

For the reasons set forth above, the Court will deny Plaintiff's Motion For Reconsideration (Doc. 25) and motion for the allowance of a certificate of appealability (Doc. 26). An appropriate order follows.